# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELLIOTT MIRANDA and ESTRELITA MIRANDA,** husband and wife<br><br>v.<br><br>**C.H. ROBINSON CO., et al.** | **CIVIL ACTION**<br><br>**NO. 18-553** |

## MEMORANDUM

**Baylson, J.**                                                                                         **November 13, 2019**

## I.    INTRODUCTION

This Civil Action arises from injuries Plaintiffs Elliott and Estrelita Miranda allegedly suffered as a result of boxes of pineapples falling on Plaintiff Elliott Miranda as he unloaded them from a container in Philadelphia, Pennsylvania. Plaintiffs filed an Amended Complaint, (ECF 64, "Am. Compl."), against Defendants C.H. Robinson Company, C.H. Robinson Company, Inc., C.H. Robinson International, Inc., C.H. Robinson Worldwide, Inc. (collectively "C.H. Robinson"), Isabella Shipping Co., Ltd. ("Isabella"),[1] Upala Agricola, S.A. ("Upala"), and Transportes Grant, S.A. ("Transportes"), alleging five Counts against all Defendants:

1. **Count I**: Negligence under Pennsylvania State Law;

2. **Count II**: Maritime and Admiralty Negligence;

3. **Count III**: Strict Liability under Pennsylvania State Law;

4. **Count IV**: Negligence of Vessel under 33 U.S.C. § 905(b) of the Longshore and Harbor Workers' Compensation Act (the "Longshore Act"); and

5. **Count V**: Loss of Consortium under Pennsylvania State Law.

---

[1] Plaintiffs and Isabella have informed the Court that the parties reached an agreement to settle Plaintiffs' claims against Isabella. (ECF 94.)

1

(Am. Compl. ¶¶ 173-210.)

Before this Court is Upala's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6), (ECF 70, "Def. Upala MtD"), as well as C.H. Robinson's Partial Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), (ECF 77, "Def. C.H. Robinson MtD.") Upala contends that this Court cannot assert personal jurisdiction over it. Both Upala and C.H. Robinson (the "Moving Defendants") contend that Plaintiffs fail to state a strict liability claim under Pennsylvania law, or a negligence of vessel claim under the Longshore Act. Plaintiffs concede their claims under the Longshore Act must be dismissed, but otherwise oppose dismissal of their Amended Complaint. For the reasons stated below, Upala and C.H. Robinson's Motions to Dismiss will be granted as to Plaintiffs' claim under the Longshore Act, but will otherwise be denied.

## II. FACTUAL AND PROCEDURAL HISTORY

Drawing from Plaintiffs' Amended Complaint and the jurisdictional discovery, the factual background is as follows. C.H. Robinson and Upala have an ongoing agreement to ship Upala's pineapples to C.H. Robinson in the United States. (Am. Compl. ¶ 25.) Under the agreement, Upala was to deliver the pineapples involved in this case to Philadelphia, Pennsylvania. (Am. Compl. ¶ 44; Pl.'s Resp. to Def. C.H. Robinson MtD Ex. 8-9.)

Upala "grow[s], harvest[s], processe[s], [and] package[s]" pineapples at its farm in Costa Rica. (Am. Compl. ¶ 27.) Pursuant to a purchase order made by C.H. Robinson, Upala, "loaded, palletized, secured, and stowed" 1500 boxes of pineapples into a shipping container provided by Transportes on April 2, 2016. (Am. Compl. ¶¶ 10, 21, 27-28; Pl.'s Resp. to Def. C.H. Robinson MtD Ex. 9.) While the pineapples were being loaded, a third-party hired by C.H. Robinson inspected the pineapples and the shipping container. (Am. Compl. ¶¶ 38-39.)

2

Several days later, Transportes drove the container filled with pineapples to a shipping port in Puerto Limon, Costa Rica, where the container was placed onto a ship destined for Philadelphia. (Am. Compl. ¶¶ 26, 29-30, 34.) The shipment left Costa Rica, and arrived in Philadelphia on April 12, 2016. (Am. Compl. ¶ 149.) The bill of lading associated with the shipment listed Upala as the exporter and shipper, and C.H. Robinson as the consignee. (Am. Compl. Ex. 1.)

On April 13, 2016, Plaintiff Elliott Miranda, a stevedore[2] in Philadelphia, opened the shipping container to inspect the pineapples. (Am. Compl. ¶¶ 154-55.) As he did so, a number of the pineapples fell onto him uncontrollably. (Am. Compl. ¶ 155.) The impact caused multiple injuries, including a broken ankle that required emergency surgery. (Am. Compl. ¶ 156.)

Plaintiffs originally filed this Action in the Philadelphia Court of Common Pleas on September 5, 2017. (ECF 1.) Defendants removed the Action on February 6, 2018 to this Court, and Plaintiffs filed an Amended Complaint on July 3, 2019. (ECF 1, 64, 67.) Upala moved to dismiss the entire Amended Complaint, and C.H. Robinson moved to dismiss two of the Amended Complaint's five counts. (ECF 70, 77.) Plaintiffs filed Responses in Opposition to both Motions to Dismiss. (ECF 103, 110, 116.) Moving Defendants each filed a reply. (ECF 118, 119.) The Court held oral argument on the Motions to Dismiss on October 25, 2019. During oral argument, Plaintiffs agreed to dismiss Transportes from the Action. After the argument, Plaintiffs and Upala filed supplemental briefing. (ECF 128, 129.)

## III. LEGAL STANDARD

### A. Motion to Dismiss Under FED. R. CIV. P. 12(b)(2)

When a defendant files a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff must establish the Court's jurisdiction over the moving defendant through "affidavits

---

[2] A stevedore is a person who loads and unloads cargo from ships.

3

or other competent evidence." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009) (citation omitted). When, as here, the Court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004) (citation omitted).

### B. Motion to Dismiss Under FED. R. CIV. P. 12(b)(6)

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556).[3]

---

[3] Plaintiffs have filed numerous exhibits that are useful to the issue of personal jurisdiction. See Renaissance Marine, 566 F.3d at 330-31 (permitting reliance on "affidavit[s] and other documentary evidence" to resolve questions of personal jurisdiction). However, the Court disclaims any consideration of those exhibits in deciding Moving Defendants' Rule 12(b)(6) Motions.

## IV. PARTIES' CONTENTIONS

### A. Moving Defendants' Motions to Dismiss

Upala contests this Court's exercise of personal jurisdiction over it. Upala argues that it is not subject to this Court's general jurisdiction because it cannot be considered "at home" in Pennsylvania. (Mem. in Supp. of Def. Upala MtD 9-10.) Upala also argues that this Court cannot assert specific jurisdiction over it because it was not involved in the pineapple shipment after it loaded the pineapples into the shipping container in Costa Rica, and its knowledge that the pineapples would end up in Pennsylvania alone is insufficient to establish specific jurisdiction. (Id. at 10-12.)

Moving Defendants contend that Plaintiffs' negligence of vessel claim should be dismissed because neither Defendant is a "ship" within the meaning of the Longshore Act. (Mem. in Supp. of Def. Upala MtD 14-16; Mem. in Supp. of Def. C.H. Robinson MtD 7-8.) Moving Defendants also argue that Plaintiffs' strict liability claim should be dismissed because only "users" of a product can recover under Pennsylvania's strict liability cause of action, and Plaintiff Elliott Miranda is not a user of the pineapples because he only unloads them as cargo. (Mem. in Supp. of Def. Upala MtD 14; Mem. in Supp. of Def. C.H. Robinson MtD 5.) In addition, Upala argues that Plaintiffs' strict liability claim should be dismissed because the allegations in the Amended Complaint focus on the Moving Defendants' conduct, and not the allegedly defective product. (Mem. in Supp. of Def. Upala MtD 14.)

### B. Plaintiffs' Response

Plaintiffs argue that this Court has general jurisdiction over Upala because it conducts substantial, continuous, and systematic business in Pennsylvania. (Mem. in Supp. of Pls.' Opp. to

Def. Upala MtD 26-27.) Plaintiffs also argue that this Court has specific jurisdiction over Upala because it purposefully directed the shipment of pineapples to Philadelphia. (Id. at 27.)

Plaintiffs concede that their claims against Moving Defendants under the Longshore Act should be dismissed. (Id. at 2 n.1; Mem. in Supp. of Pls.' Opp. to Def. C.H. Robinson MtD 2 n.2.) As to Plaintiffs' strict liability claims, Plaintiffs argue that because the pineapple packaging is properly considered part of Moving Defendants' product, a stevedore (such as Plaintiff Elliott Miranda) is an intended user of that product. (Mem. in Supp. of Pls.' Opp. to Def. Upala MtD 40; Mem. in Supp. of Pls.' Opp. to Def. C.H. Robinson MtD 29.)

## V. DISCUSSION

### A. Personal Jurisdiction

The Court finds that it has personal jurisdiction over Upala. Federal Rule of Civil Procedure 4 "permit[s] a district court to assert personal jurisdiction over a non-resident corporate defendant to the extent the forum state allows." Duell ex rel. D.D. v. Kawasaki Motors Corp., U.S.A., 962 F. Supp. 2d 723, 728 (D.N.J. 2013) (citing FED. R. CIV. P. 4(e)(1) and 4(h)(1)(A)). As the forum state in this case, Pennsylvania's long-arm statue permits a court to exercise personal jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States," and that exercise of personal jurisdiction "may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S. § 5322(b).

For an exercise of personal jurisdiction over a defendant to comport with the Fourteenth Amendment's Due Process Clause, that defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted).

"Personal jurisdiction over a defendant may be either general or specific." Chavez v. Dole Food Co., Inc., 836 F.3d 205, 223 (3d Cir. 2016) (en banc). Because the Court finds that Upala is subject to the Court's specific jurisdiction, this Memorandum will not address Plaintiffs' general jurisdiction arguments.

To exercise specific jurisdiction over a foreign defendant, there must be "an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (citation omitted) (alteration in original). There are three steps to establishing such an affiliation:

> First, the defendant must have purposefully directed his activities at the forum. Second, the plaintiff's claim must arise out of or relate to at least one of those specific activities. Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise comport[s] with fair play and substantial justice.

Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (citations and internal quotation marks omitted) (alteration in original). Upala does not contest that Plaintiffs' claims arise out of its alleged activities, nor does it raise any additional factors that are relevant as to whether the Court's exercise of personal jurisdiction would comport with fair play and substantial justice. Upala argues only that it did not direct any activities at Pennsylvania. (Mem. in Supp. of Def. Upala MtD 10-12.)

Plaintiffs' evidence concerning Upala's activities shows that, at the time the pineapples were loaded into the shipping container, it was Upala's conscious objective that those pineapples arrive in Pennsylvania. Evidence of that purpose includes Upala's agreement with C.H. Robinson to deliver the pineapples to Pennsylvania and retain title until the shipment was delivered, (Pl.'s Resp. to Def. C.H. Robinson MtD Ex. 8-9; Volio Decl., Def. Upala MtD Ex. B ¶ 7), as well as Upala's designation as the "shipper" and "exporter" of the pineapples on the bill of lading, (Pl.'s

7

Resp. to Def. C.H. Robinson MtD Ex. 6.) Upala's arrangements to have its pineapples delivered in Pennsylvania show that it purposefully directed its activities there. See Bryan v. Associated Container Transp. (A.C.T.), 837 F.Supp. 633, 638-40 (D.N.J. 1993) (finding specific jurisdiction over a defendant that "engage[d] in a course of conduct in which it arrange[d] for the shipping of the products it 'sold' to the forum state").

Upala's citations to Eggear v. The Shibusawa Warehouse Co. Ltd., No. 00-4636, 2001 WL 267881 (E.D. Pa. Mar. 19, 2001) (Kelly, J.), and Irby v. Isewan Terminal Servs. Co. Ltd., No. 90-2210, 1991 WL 275590 (E.D. Pa. Dec. 18, 1991) (Waldman, J.), do not support a different result. In those cases, the defendants were stevedore companies responsible for loading cargo that ultimately injured the plaintiffs. Eggear, 2001 WL 267881 at *1; Irby, 1991 WL 275590 at *1. Even though the defendants knew the cargo was destined for Pennsylvania, personal jurisdiction was lacking because the defendants had not "purposefully availed themselves of the privilege of conducting activities within th[e] forum." Eggear, 2001 WL 267881 at *2; Irby, 1991 WL 275590 at *2.

Here, in contrast, Upala had an interest in the shipment arriving in Pennsylvania that the stevedore companies in Eggear and Irby did not. Had the pineapples arrived anywhere other than Pennsylvania, Upala would have violated its agreement with C.H. Robinson. (Pl.'s Resp. to Def. C.H. Robinson MtD Ex. 8-9.) Upala, therefore, did not just know that the cargo was destined for Pennsylvania; it had taken deliberate steps to ensure the cargo arrived specifically in Pennsylvania, and thus directed its activities at the forum state.

Having determined that Upala has minimum contacts with Pennsylvania, and because Upala offers no other reason the Court's assertion of personal jurisdiction would not comport with

8

notions of fair play and substantial justice, Upala's Motion to Dismiss under Rule 12(b)(2) will be denied.

### B. Failure to State a Strict Liability Claim

Plaintiffs' Amended Complaint adequately pleads a strict liability claim under Pennsylvania law. Pennsylvania follows Section 402A of the Restatement (Second) of Torts for claims of strict liability. Tincher v. Omega Flex, Inc., 104 A.3d 328, 399 (Pa. 2014). The elements of a claim under Section 402A are "that: (1) 'the product was defective;' (2) 'the defect was a proximate cause of the plaintiff's injuries;' and (3) 'the defect causing the injury existed at the time the product left the seller's hands.'" Bruesewitz v. Wyeth Inc., 561 F.3d 233, 255 (3d Cir. 2009) (citation omitted), aff'd 562 U.S. 223 (2011).

Strict liability claims in Pennsylvania are "concerned solely with the product itself," and not with the conduct of the manufacturer. Lance v. Wyeth, 85 A.3d 434, 452-53 (Pa. 2014). In addition, "a manufacturer can be deemed liable only for harm that occurs in connection with a product's intended use by an intended user . . . ." Penn. Dep't of Gen. Servs. v. U.S. Mineral Prods., 898 A.2d 590, 600 (Pa. 2006).

Moving Defendants contend that Plaintiffs' strict liability claim should be dismissed because Plaintiff Elliott Miranda was not a user of their pineapples. (Mem. in Supp. of Def. Upala MtD 14; Mem. in Supp. of Def. C.H. Robinson MtD 5-6.) But Plaintiffs' Amended Complaint defines Moving Defendants' pineapple product broadly to include the pallets, boxes, packaging, and container the pineapples were shipped in. (Am. Compl. ¶ 193.) The Amended Complaint also alleges that, as a stevedore, Plaintiff Elliott Miranda was a "user and/or consumer of the subject pineapple product" and that the product was "unsafe for its intended uses and/or foreseeable misuses." (Am. Compl. ¶¶ 198, 201-02.) Construed in the light most favorable to Plaintiffs, the

Amended Complaint sufficiently pleads that Plaintiff Elliott Miranda was an intended user of Moving Defendants' pineapple product.

Upala also argues that Plaintiffs' strict liability claim should be dismissed because the Amended Complaint focuses only on the conduct of the manufacturer, and does not allege a defective product. (Mem. in Supp. of Def. Upala MtD 14.)  But the Amended Complaint alleges that "[t]he boxes [of pineapples] were not properly or reasonably reinforced" and that the shipping container "did not have a proper or reasonable temperature setting . . . ." (Am. Compl. ¶ 160a-b.) These allegations relate to Moving Defendants' product as defined in the Amended Complaint, and are sufficient to survive Moving Defendants' Motions to Dismiss.  The concerns Moving Defendants express here about Plaintiffs' strict liability claims are better left to a later time with a more developed factual record.  Moving Defendants' Motions to Dismiss Plaintiffs' strict liability claims under Rule 12(b)(6) will be denied.

## VI.    CONCLUSION

For the reasons stated above, Upala's Motion to Dismiss under Rule 12(b)(2) will be denied.  Upala and C.H. Robinson's Motions to Dismiss under Rule 12(b)(6) will be granted in part and denied in part:

- Upala and C.H. Robinson's Motions to Dismiss Count III, Strict Liability under Pennsylvania State Law, will be denied; and

- Upala and C.H. Robinson's Motions to Dismiss Count IV, Negligence of Vessel under the Longshore Act, will be granted, and this Count will be dismissed with prejudice.

An appropriate Order follows.

O:\CIVIL 18\18-553 Miranda v CH Robinson\18cv553 Memo re MTD 11132019.docx