# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELLIOTT MIRANDA and ESTRELITA MIRANDA,** husband and wife<br><br>v.<br><br>**C.H. ROBINSON CO., et al.** | CIVIL ACTION<br><br>NO. 18-553 |

### MEMORANDUM RE: DEFENDANT UPALA'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL

**Baylson, J.**                                                                                                                   **April 2, 2019**

## I. INTRODUCTION

This Civil Action arises from injuries Plaintiffs Elliott and Estrelita Miranda allegedly suffered as a result of boxes of pineapples falling on Plaintiff Elliott Miranda as he unloaded them from a shipping container in Philadelphia, Pennsylvania. Plaintiff alleges that Defendants C.H. Robinson Company, C.H. Robinson Company, Inc., C.H. Robinson International, Inc., C.H. Robinson Worldwide, Inc. (collectively "C.H. Robinson"), and Upala Agricola, S.A. ("Upala") were liable for his injuries based on various theories of state and maritime law. (ECF 64, Am. Compl. ¶¶ 173-210.)

On November 13, 2019, this Court entered an Order denying Upala's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2). (ECF 131.) The reasons for that ruling are set forth in the Memorandum accompanying that Order, which will not be fully restated here. In short, this Court held that Upala was within this Court's personal jurisdiction because Upala directed its activities towards Pennsylvania by purposefully directing the shipment of Pineapples to the port in Philadelphia. (ECF 130, Memorandum at 7–8.)

Presently before this Court is Upala's Motion to Certify this Court's ruling on personal jurisdiction for interlocutory appeal. (ECF 139 "Mot. to Certify.") Plaintiffs have filed a response in opposition. (ECF 143.) For the reasons stated below, Upala's Motion to Certify will be denied.

## II.  LEGAL STANDARD

In general, a matter may not be appealed to a court of appeals until a final judgment has been rendered by the district judge. 28 U.S.C. § 1291. A district court may certify an order for interlocutory appeal only upon finding that: (1) the order involves a controlling question of law (2) upon which there is substantial ground for difference of opinion and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). But, even if these threshold requirements are satisfied, the decision to certify an appeal rests within the discretion of the district court. United States v. Exide Corp., No. 00-3057, 2002 WL 992817, at *2 (E.D. Pa. May 15, 2002) (Buckwalter, J.).

The burden is on the party seeking certification to demonstrate that "exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment." Rottmund v. Cont'l Assur. Co., 813 F. Supp. 1104, 1112 (E.D. Pa. 1992) (Huyett, J.). As the Third Circuit has observed:

> It is quite apparent from the legislative history of the Act of September 2, 1958 that Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation. Both the district judge and the court of appeals are to exercise independent judgment in each case and are not to act routinely.

Milbert v. Bison Labs., Inc., 260 F.2d 431, 433 (3d Cir. 1958). The statutory preconditions of Section 1292(b) "are to be strictly construed and applied." Id. at 435.

## III. DISCUSSION

Upala contends that all three conditions required to certify a ruling for interlocutory appeal have been met. But Upala has failed to show that this Court's ruling presents a substantial ground for difference of opinion, or that an interlocutory appeal would materially advance the ultimate termination of this litigation.

### A. Substantial Ground for Difference of Opinion

Upala asserts that the Court's decision conflicts with Bristol-Myers Squibb Co. v. Superior Court of Cal., 137 S. Ct. 1773 (2017), because there is no "connection or affiliation" between Plaintiffs' claims against Upala and Pennsylvania. (Mot. to Certify at 6–8.) The Court disagrees. Plaintiffs' evidence shows that Plaintiff Elliott Miranda was injured by the shipment of pineapples that Upala purposefully directed to Pennsylvania. Upala's actions were directed towards the forum state, and its effects reverberated here. That is enough for Plaintiffs' claims to "arise out of" Upala's contacts with Pennsylvania. Upala cites no case in which similar facts were held to not be sufficiently connected to the forum state such that the court could not exercise personal jurisdiction over the defendant.

Upala re-raises two cases that formed the basis of its Motion to Dismiss, Eggear v. The Shibusawa Warehouse Co. Ltd., No. 00-4636, 2001 WL 267881 (E.D. Pa. Mar. 19, 2001) (Kelly, J.), and Irby v. Isewan Terminal Servs. Co. Ltd., No. 90-2210, 1991 WL 275590 (E.D. Pa. Dec. 18, 1991) (Waldman, J.), and contends that it is identically situated to the defendants in those two cases. (Mot. to Certify at 8.) But as this Court explained in its Memorandum, Eggear and Irby are not on point because the stevedores in those cases merely knew of the cargo's destination, while Plaintiffs have submitted enough facts to show that Upala purposefully directed the Pineapples in this case to Pennsylvania. (Memorandum at 8.) Upala's heightened intent makes Eggear and Irby

3

inapplicable. Upala's disagreement with the Court's analysis is not enough to meet the high burden required to justify an interlocutory appeal.

## B. Materially Advance the Ultimate Termination of Litigation

Upala also asserts that interlocutory appeal will materially advance the termination of this litigation because Upala will be dismissed from the case if it is not subject to this Courts personal jurisdiction. According to Upala, such a dismissal would simplify the upcoming trial. (Mot. to Certify at 9.) But the Court is not persuaded that Upala's dismissal from this case would simplify trial enough to justify an interlocutory appeal. While the jury's task will narrow if Upala is dismissed, there will still be a trial, and many of the topics covered at trial will likely be the same. Any benefits gained by dismissing a single defendant in this case are not likely to be material.

Nor do the cases Upala cites persuade this Court that interlocutory appeal would be appropriate here. This is not a complex MDL in which a primary defendant seeks appeal, In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litig., 683 F.3d 462, 465 (3d Cir. 2012), nor are all the remaining defendants in the action seeking review, Myers v. American Dental Ass'n, 695 F.2d 716, 721–22 (3d Cir. 1982). In addition, those cases did not engage in any analysis of Section 1292(b).

This case is in its final pre-trial stages, and the parties are preparing for the upcoming trial. Even if Upala succeeds on appeal, Plaintiffs' claims against C.H. Robinson will still need to be resolved, and the remaining litigants will have been left waiting while this case is on appeal. A single defendant's interlocutory appeal here would present obstacles that are much more severe than in the cases Upala cites. The inefficiencies that Upala's interlocutory appeal would cause to this case compels the conclusion that Upala has not demonstrated that granting its Motion would materially advance the ultimate termination of litigation.

## IV.     CONCLUSION

For the reasons stated above, Upala's Motion to Certify will be denied.  An appropriate Order follows.

O:\CIVIL 18\18-553 Miranda v CH Robinson\18cv553 Memo re Interlocutory Appeal.docx